# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CLARENCE REDMOND LOGUE, JR., )
a/k/a Clay Logue, )
 )
        Plaintiff, )
 )
v. ) Case No. CV408-028
 )
CHATHAM COUNTY DETENTION )
CENTER, PRISON HEALTH SERVICES, )
et al., and MELONY HIGGINS, District )
Attorney's Office, )
 )
        Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983 against defendants alleging that they denied him necessary medical care while he was confined at the Chatham County Detention Center. (Doc. 1.) On February 13, 2008, the Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 3.) Plaintiff has returned the two forms; the case is therefore ready to proceed. (Docs. 5, 6.)

## I. LEGAL FRAMEWORK

The Prison Litigation Reform Act requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); see also 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that upon his arrival at the Chatham County Detention Center on December 5, 2007, he alerted the booking officers and a nurse that he needed to retain possession of his psychiatric medications

2

because he suffered from Schizophrenic Affective Disorder, Post Traumatic Stress Syndrome, and Bipolar Disorder. (Doc. 1 at 5.) He was regularly prescribed Seroquel, Trazadone, and Klonopin. (Id.) Though he had the medications with him, they were confiscated during booking. (Id.) After filing multiple grievances and medical complaints, plaintiff saw a psychiatrist on January 31, 2007. (Id. at 6.) The psychiatrist, Dr. Dobson, ordered the same medications that plaintiff was taking before his arrest. (Id.) Despite Dr. Dobson's order, plaintiff was only provided with Visterile, which he claims is a poor substitute for Klonopin. (Id.)

On February 6, 2008, Dr. Dobson told plaintiff that Prison Health Services ("PHS") and the Chatham County Detention Center ("CCDC") denied the order for Seroquel and Trazadone. (Id.) Instead, PHS and CCDC hoped to treat plaintiff with "experimental" drugs. (Id.) He refused the experimental medication. (Id. at 6.) Because plaintiff was denied his regular medication, Dr. Dobson recommended that he be transferred to Georgia Regional Hospital for observation. (Id.) In spite of Dobson's recommendation, plaintiff was not admitted to Georgia Regional. (Id. at 4.)

Plaintiff contends that PHS and CCDC deprived him of his rights under the Eighth and Fourteenth Amendments to the Constitution by refusing to give him the doctor-ordered medications. (Id. at 8.) He asks the Court to award him compensatory and punitive damages for his pain and suffering and mental anguish (Id. at 9). He also seeks an award of all court costs and attorney's fees and an injunction requiring defendants to give him all of his medications, and he requests that all "legal decisions" be stayed until his mental condition has stabilized. (Id.)

## III. ANALYSIS

### A.    Improper Defendants

Plaintiff names the CCDC, PHS, and Melony Higgins as defendants. (Doc. 1 at 1.) For the reasons that follow, CCDC and Higgins should be dismissed from the lawsuit.[1]

The Chatham County Detention Center has no independent legal

---

[1] In addition, plaintiff is advised that to the extent he is suing "the people of CCDC and PHS," he must identify each individual defendant he is suing or explain why those defendants cannot be identified without further information. (Doc. 7.) The mere inclusion of an "et al." after PHS and the Chatham County Detention Center on the face of the complaint is insufficient to state a claim against these unnamed defendants. (Doc. 1 at 1.)

4

existence and therefore is not an entity that is subject to suit under § 1983. Miller v. Benton County Jail, No. 06-5050, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, No. 395cv608, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983). Therefore, CCDC should be dismissed.

Furthermore, Assistant District Attorney Melony Higgins, though named as a defendant, is never mentioned in the body of the complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). As plaintiff has not provided any detail regarding his claim against Ms. Higgins, he has failed to provide fair notice of the nature

of his claim against this defendant. Because plaintiff has failed to state a claim against Higgins upon which relief may be granted, she should be dismissed.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (sua sponte dismissal for failure to state a claim pursuant to § 1915A(b)(1) involves the same standard as Fed. R. Civ. P. 12(b)(6)).

**B.    Denial of Necessary Medical Care**

Plaintiff claims that he was denied necessary psychiatric care. The Constitution forbids a state from exhibiting deliberate indifference to the serious psychiatric needs of a person it holds in custody.[3] Greason v. Kemp, 891 F.2d 829, 834 n.10 (11th Cir. 1990); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("[A] prison inmate has the right under the Eighth Amendment to be free from deliberate indifference to serious physical or psychiatric needs.").

---

[2] Plaintiff is advised that if he is suing Higgins for her initiation or pursuit of the criminal prosecution against him, she is absolutely immune from suit. Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor is absolutely immune from suit for malicious prosecution.").

[3] Plaintiff appears to have been a pretrial detainee during the events in question. The Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment, governs pretrial detainees, but "the standards under the Fourteenth Amendment are identical to those under the Eighth." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985).

Plaintiff's mental illness is clearly a serious psychiatric condition, as it "has been diagnosed by a physician as mandating treatment." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (citations omitted), overruled on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 (2002). Plaintiff alleges that PHS knew of his mental illness but refused to dispense the medications prescribed by Dr. Dobson, the detention center's psychiatrist.[4] (Doc. 1 at 7.) Plaintiff also alleges that by ignoring the doctor's prescribed course of treatment and forcing him instead to undergo "experimental" treatment or receive no treatment at all, PHS acted with deliberate indifference to his serious medical needs. (Id.) It is well settled in this circuit that intentional interference with a prescribed course of treatment states a claim for relief under § 1983. Marsh v. Butler County, 268 F.3d 1014, 1039 n.18 (11th Cir. 2001) (en banc); Vargas v. Dep't of Corr., 2007 WL 2908572, at *3 (N.D. Ga. Sept. 27, 2007). Thus, plaintiff's allegation that PHS intentionally denied him necessary medications for treatment of his mental illness states a claim for relief against PHS.

---

[4] Because PHS contracted with the jail to provide inmate health care services, it is the "functional equivalent of [a] municipality," in spite of its status as a private corporation. Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). Accordingly, it is a "state actor" under § 1983. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

7

Estelle v. Gamble, 429 U.S. 97, 104 (1976) (allegation that prison officials exhibited deliberate indifference to a prisoner's serious medical needs states a claim for relief under § 1983).

The Court is cognizant of the fact that a prisoner's mere disagreement with a jail's medical personnel about the proper course of treatment does not entitle him to § 1983 relief. Waldrop, 871 F.2d at 1033. But as stated above, plaintiff alleges that his treating jail physician agreed with the prior course of treatment but PHS denied the prescribed medication for purely administrative or arbitrary reasons. As PHS is alleged to have effectively overruled the medical care recommended by Dr. Dobson, plaintiff is alleging something more than mere disagreement over the course of treatment. Furthermore, when a course of treatment "is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition," plaintiff states a claim under § 1983. Snipes v. DeTalla, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations omitted). Here, Dr. Dobson is alleged to have recommended that plaintiff be transferred to Georgia Regional Hospital for observation because his mental health condition would likely deteriorate without the appropriate

medication. (Doc. 1 at 6.) Accordingly, plaintiff's allegations suggest that the alleged "experimental" treatment bears a risk of seriously aggravating his condition. Thus, the complaint sufficiently states a claim against PHS.

C. **Denial of Equal Protection**

Plaintiff also alleges that PHS' decision to deny him his prior medications violated his rights under the Equal Protection Clause. (Id. at 8.) When a plaintiff does not contend that he was discriminated against based on some constitutionally protected characteristic, he may still assert a "class of one" equal protection claim.[5] Vill. of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000) (per curiam); Corey v. Ga. Bd. of Pardons & Paroles, 2007 WL 2080310, at *3 (N.D. Ga. July 16, 2007). In order to survive screening in a "class of one" claim, "plaintiff must allege that (1) he is similarly situated to (2) 'comparators [who are] prima facie identical in all relevant respects,' and that (3) defendants have intentionally treated him differently, (4) without any rational basis." Corey, 2007 WL 2080310

---

[5] In most equal protection claims a prisoner must show that he was discriminated against based on some constitutionally protected interest including, but not limited to, race or religion. Lesley v. David, 186 F. App'x 926, 929 (11th Cir. 2006) (race); Boxer X v. Donald, 169 F. App'x 555, 560 (11th Cir. 2006) (religion). "Class of one" equal protection claims present an exception to this requirement.

9

at *3 (quoting Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006)); Olech, 528 U.S. at 564-65; Griffin Indus., Inc. v. Irvin, 496 F.3d 1189 (11th Cir. 2007). Reading the complaint liberally pursuant to Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), plaintiff states a claim. He alleges that other similarly situated mental health inmates were prescribed the medications that he was denied. (Doc. 1 at 7.) Plaintiff further indicates that he was purposefully singled out for experimental treatment by the PHS administrators. (Id.) Finally, an implicit allegation of the complaint is that the administrators had no rational reason to treat plaintiff differently from the other mental health inmates. (Id. at 7-8.) Accordingly, his equal protection claim survives initial screening under § 1915A.

## IV. CONCLUSION

For all of the above reasons, the Chatham County Detention Center and Melony Higgins should be **DISMISSED**. The remaining claims survive initial review under 28 U.S.C. § 1915A. Accordingly, the Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and this Report and Recommendation to the United States Marshal for service upon Prison

Health Services.

**SO REPORTED AND RECOMMENDED** this 19th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA