# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CLARENCE REDMOND LOGUE, JR., )
a/k/a Clay Logue )
)
    Plaintiff, )
)
v. )   Case No. CV408-028
)
PRISON HEALTH SERVICES, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Logue seeks to amend his complaint to add over twenty new defendants. (Doc. 13.) A party is permitted to amend his pleading once, as a matter of course, before being served with a responsive pleading. Accordingly, the amendment is permitted, but each new defendant should be **DISMISSED**.

When screening a prisoner's complaint, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the

complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. Logue lists well over twenty new defendants in the caption of his motion to amend, but he has failed to state a claim against any of them. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Because Logue has not provided any detail regarding his claims against any of the individuals he seeks to add as defendants, he has failed to provide fair notice of the nature of his claim against these defendants. As plaintiff has failed to state a claim against them upon which relief may be granted, they should be dismissed. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (sua sponte dismissal for failure to state a claim pursuant to § 1915A(b)(1) involves the same standard as Fed. R. Civ. P. 12(b)(6)).

In addition to the many new defendants listed in the caption of the motion, Logue states that Ms. Dorsey and all personnel under her have

denied him access to certain legal materials. (Doc. 13 at 2.) His new claim, however, is unrelated to the denial of medical care alleged in his original complaint, so it should be dismissed.

"A cause of action consists of a single core of operative facts which gives a plaintiff the right to seek redress for the wrong concerned." Tice v. Am. Airlines, Inc., 959 F. Supp. 928, 934 (N.D. Ill. 1997), rev'd on other grounds, 162 F.3d 966 (1998); 18 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2034 (2d ed. 1994). Logue neither provides a narrative connecting the denial of access to the facts alleged in the original complaint, nor does he provide any details underlying the assertion. Logue currently has two other actions pending in the Southern District of Georgia. Logue v. Chatham County Detention Center, No. CV408-042 (S.D. Ga. filed Mar. 5, 2008); Logue v. Chatham County Detention Center, No. CV408-045 (filed Mar. 5, 2008). He admits in a later motion that he has been permitted a certain number of case-law requests from the law library per week in regards to the present case. (Doc. 18 at 6.) He does not allege in the present motion that he has been denied any specific legal materials regarding *this* case. Accordingly, these

defendants should also be dismissed.

Logue has failed to state a claim upon which relief may be granted as to any of the new defendants named in this motion to amend his complaint. Consequently, they should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 30th day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**