# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE, JR. )<br>a/k/a Clay Logue, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PRISON HEALTH SERVICES, )<br>)<br>    Defendant. ) | Case No. CV408-028 |

## REPORT AND RECOMMENDATION

On February 13, 2008, this Court granted Clarence Logue leave to proceed *in forma pauperis* ("IFP") on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the Court's order. (Doc. 3.) Logue timely returned the two forms (docs. 4, 5), and he was permitted to proceed IFP (doc. 7). Upon further review, however, it appears that Logue is barred from proceeding in forma pauperis due to the three strikes provision of 28 U.S.C. § 1915(g). See McKenzie v. U.S.

Dep't of Justice, 143 F. App'x 165 (11th Cir. 2005) (per curiam) (district court may revisit earlier order allowing prisoner suit to proceed). Consequently, Logue's complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under § 1915. In order to proceed IFP, however, prisoners must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status

2

but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Logue is a frequent filer in federal court who has clearly exceeded the "three strikes" permitted by § 1915(g). See Logue v. Chatham County Det. Ctr., No. CV404-218 (S.D. Ga. Feb. 9, 2005) (dismissed for failure to state a claim and failure to exhaust remedies); Logue v. Chatham County Det. Ctr., No. 05-10983 (11th Cir. Oct. 4, 2005) (appeal dismissed for failure to state a claim and failure to exhaust remedies); Logue v. Superior Ct., No. CV203-2111 (C.D. Cal. Apr. 4, 2003); see also Logue v. Chatham County Det. Ctr., No. CV408-042 (S.D. Ga. May 22, 2008) (dismissed for failure to state a claim, but action was dismissed after this lawsuit was filed).[1] Accordingly, without a showing of

---

[1] Logue may have several other strikes in addition to those listed above. He has a history of filing and subsequently abandoning his civil cases, requiring the dismissal of those cases for lack of prosecution. Logue v. Prison Health Servs., No. CV406-283 (S.D. Ga. Feb. 26, 2007); Logue v. Parsons, No. CV305-125 (S.D. Ga. Nov. 3, 2005); Logue v. Chatham County Det. Ctr., No. CV404-055 (S.D. Ga. Sept. 17, 2004). Another case was dismissed for failure to comply with a court order. Logue v. Ellison, No. CV695-1138 (M.D. Fla. Jan. 4, 1996). If his actions in these cases were "abuse[s] of the judicial process," the cases may count as strikes under 1915(g). See Allen v. Clark, 2008 WL 227565, at *1 (11th Cir. Jan. 29, 2008) (citing Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007)).

"imminent danger of serious physical injury," Logue's complaint should be dismissed without prejudice. § 1915(g).

In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, 2006 WL 1687752, *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts cannot invoke the § 1915(g) exception. Margiotti v. Nichols, 2006 WL 1174350, *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, 2007 WL 484547, *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, 2006 WL 1640128, *1 (M.D. Fla. June 9, 2006)).

Here, Logue alleges that he has been denied access to his psychiatric medications (doc. 1 at 5), and that the detention center staff has denied him access to certain legal materials and retaliated against him for filing this § 1983 action (doc. 23 at 3). Logue does not allege

anywhere in the record, however, that he is at any risk of physical injury, serious or otherwise. Consequently, his complaint does not fall within the "imminent danger" exception to the three-strikes bar. Brown, 387 F.3d at 1349.

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, the Court's prior grant of IFP status is **VACATED**. Logue's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee. See Dupree, 284 F.3d at 1236.

**SO REPORTED AND RECOMMENDED** this 6th day of June, 2008.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA